# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 22-50630
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
February 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Marquez-Calzadilla,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-99-1

―――――――――――――――――――――

Before Davis, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gilberto Marquez-Calzadilla appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). For the first time on appeal, he contends that his sentence is unconstitutional because the district court enhanced his sentence under § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt.

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50630

While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.  As such, Marquez-Calzadilla has filed an unopposed motion for summary disposition.  *See United State v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).

Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  Thus, Marquez-Calzadilla is correct that his argument is foreclosed, and summary disposition is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Marquez-Calzadilla's motion is GRANTED, and the district court's judgment is AFFIRMED.